Our last case this morning is Rodney Wright v. Secretary of Veterans Affairs, 2024-1105. Mr. LeRoy. May it please the Court, this is a Veterans Benefits case, and claimant appellant Mr. Rodney Wright is entitled to receive additional compensation for his daughter B.W. under 38 U.S.C. 1115-1F during the period that she received Dependents Education Assistance or DEA benefits under Chapter 35 because she was a child between the ages of 18 and 23 who was pursuing a course of instruction at an approved education institution. And while 38 U.S.C. 3562-2 does affect the amount of additional compensation that Mr. Wright may obtain for B.W., it does not entirely bar that additional compensation as the Veterans Court incorrectly held. What is your best support for your argument that Section 3562-2's bar lifts once the child exhausts their DEA benefits? Mr. LeRoy. So the best support for the argument is the plain statutory text in that it is silent on when the bar lifts. So if you look at the text, it says the bar begins when the child commences the educational program and it doesn't say anything about when the bar lifts. And then— But that's, I thought, a different argument than the first one you were making. Yes, I'm sorry. So I believe Judge Cunningham was asking the question of when does the bar lift. So we have essentially three issues here. The first two issues are related on what does the bar mean? What benefits are barred? And then there's a third issue on no matter what it means, when does it lift? And so that's the question I was answering is I think if you look at the plain statutory text, it doesn't say when it lifts, it just says the bar begins when the child— Yes, but if the bar were to lift, it would provide more benefit. And doesn't that have to be expressed in the statute to give an added benefit? So I think—so when the bar lifts, the veteran would then once again receive benefits under the additional compensation under 1115. I think it is expressed. It's expressed in 1115 sub 1, sub F. Well, it doesn't say benefit will be restored. Certainly, it doesn't say— It just says there shall be a bar. So I think the best way to conceive of this is that if you look at the Supreme Court's opinion in Ruttersville v. McDonough, a recent opinion from last year, in which the court is looking at the interaction between two benefits programs, and the court isn't looking for express language to say it must lift. The court is saying we look at the title. It says about a non-duplication provision, and that's what we have here. Unlike Ruttersville, we have here a situation in which Congress seems to use other language to say that there shan't be concurrent receipt of benefits, and they didn't use that language here. They used language about commencement and without saying that the bar is lifted at any point. So I think what's helpful here is that we don't have express language. But isn't that right? I mean, there is language in these statutes that talks about you can't have concurrent receipt, and they didn't use that language here. Instead, they used the word concurrent, and historically, different sections of the statute have provided no benefits after commencement, and another subsection have said no concurrent benefits. The first one referring to one chapter, and the second one referring to other chapters. So I have two responses. First, the language here is. . . My summary is correct, isn't it? I think your summary is correct, but I think the context here doesn't mean that we lose on this issue, and I think there's two responses. The first is it says the commencement of the program is when the bar begins. It doesn't have anything in the text saying when the bar would lift. It's just silent on that. It doesn't say it's a permanent bar. It doesn't say forever for all benefits. And then you have the statutory title, which in runner still it also says is a permissible source of meaning. It says it's called the non-duplication of benefits, and so here when you have a dependent who has received all the Chapter 35 benefits she's entitled to receive, and it's done, but she's still in school, there is no non-duplication because she's not receiving Chapter 35 benefits. The veteran parent could once again support the child through the additional compensation benefits under 1115 sub 1 sub F. So I think if you look at the fact there's no express language saying it's a permanent bar, no express language saying it'll never lift, and the statutory title, I think that gets you to a very reasonable interpretation that once the program is done, the bar will lift. Can you point to anything in the legislative history that directly supports your reading of the statute? I don't have anything in the legislative history that directly supports it, although I don't think that the Veterans Court's recitation of the legislative history was particularly helpful either way to be candid. I think that if you look at the plain statutory text, you look at the title, you have to, I think, interpret it this way. In this statutory silence, you have the word commencement, you have no express provision saying it doesn't lift, you have the title saying non-duplication, and then another textual indication is they define in, for purposes of both bars, what's triggering this is the person is a child commencing the program, and it defines this person as an eligible person over the age of 18 by reason of pursuing a course in an educational institution. And so they're defining this trigger as, oh, this is a person who's pursuing this education, they've commenced it. And I think by defining it that way, when they say, you are a person pursuing this program, I think that is a textual indication, not express. It certainly doesn't resolve it conclusively, but I think it's another permissible indication saying it's when you are pursuing the program. And so when you don't have these benefits anymore, when you're not pursuing the program anymore, the bar should lift. And I think this is all, as a background point, we have the pro-veteran canon. It's the Supreme Court in Rudisill affirmed that it exists. And in Rudisill, they said if the statutes were not ambiguous, the pro-veterans canon would come into play. Here, there's probably statutory ambiguity. If you don't think that these kind of implicit references and using the title, if you think at least it's ambiguous, then it should go our way under the pro-veteran canon. I think my friends at the DOJ, in terms of the pro-veteran canon point, I think it's telling that they cite from Rudisill the concurring and the dissenting opinion casting shade on the pro-veteran canon, not the majority opinion expressly recognizing that the canon still exists and can come into play when you have statutory ambiguity. So that was the bar lifting issue. There's the other issue in the case before you get to that of what benefits are barred by 3562. Our position is that the subsection 2 bar of 3562, under our primary interpretation, only bars in the statutory language increased rates or additional amounts of compensation. And you can understand what that term means when you compare it to the exact, so the statutory language in the exact same statute, the subsection 1 bar, which is a different bar. That one, the subsection 1 bar, prohibits subsequent payments of compensation. So you have a prohibition on subsequent payments of compensation on the one hand, on the bar that's not directly at issue. And then you have a bar in section 2 on increased rates or additional amounts of compensation. And so our position is that the bar that applies here prohibits the veteran from receiving an increase in the rate of what he would be getting, an increase in the amount of what he's already getting. Essentially, with the subsection 2 bar, Congress freezes in time the amount of benefits the veteran is getting under 1115 once the child begins receiving the Chapter 35 benefits. And I think it's a very sensible statutory framework because Congress is choosing a middle ground between two extremes. Congress could have come up with a regime that says, once you receive Chapter 35, once the child receives Chapter 35 benefits, the veteran doesn't get anything further for the child. That's a pretty extreme position. They could also have another extreme position just saying, we're not going to adjust this at all. We're just going to be blind to the fact that the child is now getting a substantial benefit under Chapter 35. That might be seen as overly generous, as too spendy. They chose a middle ground position that says, we're just going to freeze you in time. The benefits that you got before the child entered the educational institution and received Chapter 35, that's what you get. You don't get any increases above that while the child is receiving those benefits. And again, I think the clearest indication of that is that in the two bars of Section 3562, they use different language to describe what is barred. You have to read that text together. Subsection 1 is barring subsequent payments of compensation. If that were the text that applied to Mr. Wright in this case, we would be losing. We would lose. Subsequent payments of compensation seems pretty clear to me to mean any amount from the program. But that's not what they used. In Subsection 2, the bar that applies to Mr. Wright, they use the term increased rates or additional amounts of compensation. Reflecting, you get what you had before. We don't add to that. For example, a cost of living increase which Congress passes year over year and the VA must calculate and apply for this program under 1115. And now my friends at DOJ, they ask the court essentially just to ignore Subsection 1. They say, look only at the plain text of Subsection 2. And specifically, they even narrow in on the prohibition on receiving additional amounts of compensation. And they say that plain as day resolves the case in their favor. But that's not how statutory interpretation works. One, the additional amounts of compensation language there is paired with the prohibition on increased rates. So you have increased rates and additional amounts of compensation. That's what's barred. That's indicating an increase from a baseline. And then you also have to pair it again with what Subsection 1 says. My friends at DOJ want the court not to look at Subsection 1. But you have to interpret the entire statute as a whole. It's in the same section. And again, Subsection 1 says a prohibition on subsequent payment of compensation. So that's our primary interpretation. I addressed primary interpretation. I've addressed the bar lifting. I wanted to make one final point in the opening and I'll reserve the rebuttal. And that's, again, a point on does the bar lift. And so I have a hypothetical that explains why it must be the case that the bar lifts. So in the definition of child that applies to these programs, and this is at page 1 of our statutory addendum. Actually, I'm sorry. So we exerted it. So another portion of the definition of child, it includes a child who is incapable of providing for themselves if that incapacity arises before they turn the age of 18. So you can conceive of a situation where you have a child who meets that definition, who reaches the age of 18, but who wants to try to go learn a vocation at a trade school that would be covered by Chapter 35. So say the child does that, receives a month of Chapter 35 education, and then learns, I can't do it. I can't do it. I'm not able to complete this program. I'm not capable of doing this for a physical or mental incapacity for whatever reason. Under the DOJ's view, that would forever cease the parent from obtaining additional compensation for that child because they are a child who is qualified for Chapter 35. They've commenced a program. They've received Chapter 35 benefits, and that's it. So I don't think Congress would have intended that cruel result, certainly not in a veteran's case. And if they did, we would expect far more expressed language. But aren't you leaving out the possibility of whether or not the benefits were exhausted by the child in your hypothetical? I don't think I'm leaving out the possibility that they're exhausted because under the VA's view, the commencement of the program is what triggers the bar. So it's like once they commence, they say you, the parent, can't get additional compensation anymore. And we're saying once it's ended, once you're done, once you're not pursuing the educational program anymore, pretend Chapter 35 doesn't get involved anymore, you're back to just Section 1115. And with that, I would like to reserve for rebuttal. We'll give you two minutes for rebuttal. Thank you. Ms. Grubb. May it please the Court, on behalf of the Secretary of Veterans Affairs, Douglas Collins, we submit that the Veterans Court did not err in its interpretation of either Sections 3562 or 1115. Mr. Wright, claimant here, is not entitled to additional compensation for dependency for his now adult child, who's between the ages of 18 and 23, and elected Chapter 35 benefits. We get there through the plain language of the statutes. VA is authorized to pay two types of benefits for adult children of veterans pursuing higher education. The first is under 1115 1F. That encompasses a broader group of eligible adult children than Chapter 35. That's a veteran under 1115 1F would receive an additional amount for, if they have a disability of 30% or higher, for an adult child pursuing higher education. If that adult child chooses then to elect Chapter 35 benefits and is part of a narrower group of adult children, those who are not, who are the child of either a veteran who's deceased or a veteran who is totally disabled, once that election is made under Chapter 35, there's no duplication of benefits pursuant to Section 3562. Thank you. Could you help me with the statute 3562? Is the government's view that subsection 1 and 2 both apply here or not? No. So, well, no. Subsection 1 is addressed to the adult child of a veteran who has died. BW in this case, her veteran father is still alive. So it would not apply to the adult child here. We fall under subsection 2, which applies to instances where the veteran is still alive, totally disabled and still alive, or it would also encompass a surviving spouse who's receiving other benefits pursuant to that. But subsection 2 applies to total disability and subsection 1 only applies to death is the idea? Yes. So in subsection 1, to the subsequent payments of compensation, dependency, indemnity compensation, or pension based on the death of a parent to an eligible person over 18. It's sort of confusing as to why would you limit subsection 1 to the death and not include permanent disability? We're talking about what pool of money is barred, right? So when the adult child elects Chapter 35 benefits, educational benefits, if their veteran parent is deceased, they would theoretically be otherwise entitled to receive other compensation by virtue of the death of their parent, the pension and other things that spin out. It goes beyond the payments you would get in terms of disability. Right. And so if the veteran had passed and the adult child elected Chapter 35 benefits, they would be electing those Chapter 35 benefits and foregoing what other compensation they might have received just by virtue of being the surviving child of a veteran who passed. Whereas in subsection 2, when the veteran is still alive, but totally disabled, the bar would be to the veteran receiving benefits for the child. Right. So now the child, the child is an adult, the child has elected Chapter 35 benefits. The veteran now can no longer receive increased rates or additional amounts of compensation because of such person, the child. Okay. If we get there, I know my friend across the aisle does not, submits that Chapter 1115 is not applicable. But the purpose of Section 3562 is to bar the duplication of benefits. Both the benefits in Chapter 35 and the benefits in 1115 are designed to assist an adult child of a veteran in the pursuit of higher education. Mr. Wright essentially concedes that point in arguing that the bar should only apply to the COLA on 1115 1F. Right. If the COLA that would increase the benefit under 1115 1F concerns a duplication of benefits, right, the COLA, then the principle on which the COLA is adjusting would also encompass educational benefits. There's no other statutory section in the scheme that would be triggered by the duplication of benefits clause other than 1115. Okay, but his stronger argument seems to be that this is not barring the resumption of benefits once the educational program payments come to an end. Right. So that argument, Mr. Wright hinges on the silence of any resumption of benefits in Section 3562. Silence, as Judge Lurie questioned my friend across the aisle, does not authorize the payment of benefits. It's clear from the statutory scheme that when Congress intended benefits to resume, or for there to be conditions upon which benefits could resume, they so provided. Right. Our brief, starting at page 33, outlines numerous other sections within Title 38, where Congress expressly provided for the resumption of benefits once, you know, two competing benefits were no longer concurrent. And they would typically provide for benefits a bar for, quote, a period, or they, if not using a phrase like for a period or for a duration, they would provide conditions and process upon which the bar would lift and other benefits could resume. None of that exists in Chapter 35 or anywhere else in Title 38. Does legislative history support your argument that the 3562 bar is permanent, doesn't lift? I would agree with my friend across the aisle that the legislative history is not dispositive, but the Veterans Court does go into it in some depth, and there was an earlier version, one of the earliest versions of this Chapter 35 benefits that did provide for a period, benefit a bar for a period. And there was concern about the administrative burden that that would impose upon the VA, right? If the bar can be imposed and lift and imposed and lift, that would create sort of more work than was the benefit of the statute. Now, there's not corresponding discussion in the legislative history that we're going to adopt something expressly to address that concern, but that concern was raised in Congress when the bar was adopted. I thought that the Veterans Court was pointing to earlier versions of legislation, which included two provisions, one, the commencement provision and the no concurrent receipt of benefits provision, suggesting that Congress viewed those things as somewhat different. So in that sense, does not the legislative history support your position? I think it supports the position in that this statute has been amended several times over several decades and been in existence since the 50s, right? And that silence has never been interpreted to allow for either a concurrent payment of benefits or to the resumption of benefits upon the end of Chapter 35 or the exhaustion of Chapter 35. You can also look at this in the context of the size of these benefits, right? Chapter 35 benefits, it's amended on an annual basis, but right now it's over $1,200 a month. That is a significant benefit for the recipient, right? So it would not lead to, say, an absurd result that Congress would have provided that upon election. Well, your theory is you're giving up a smaller benefit under B and C to get a larger benefit under F. Right, and there are consequences to that. You have to give something up to get the larger benefit. So it doesn't lead to an absurd result by any means. Now, Congress certainly could have provided for a resumption of benefits. They simply elected not to do that. That's a matter of policy for the court. Turning to the substance of Mr. Wright's arguments about what is or isn't barred, as I mentioned, Section 1115.1F is, within Title 38, the penultimate section that would be a duplication of benefits, right? 1115.1F provides for assistance for an adult child pursuing higher education, as does Chapter 35. So if we're going to talk about a duplication of benefits, it has to apply to 1115.1F. Mr. Wright has not pointed to any other part of Title 38 that it could apply to. Now, he suggested that it would only apply to the COLA, but as I mentioned earlier, if there's a duplication of benefits for the COLA that would apply to 1115, there's no principled reason why there wouldn't be a duplication of benefits with the principle itself, right? We're adding a gloss on the statute that's simply not there. And you see that in Mr. Wright's brief, both in his opening brief and his reply brief, because they repeatedly rewrite the statute to suggest it says additional amounts of additional compensation. That statutory phrase does not appear anywhere in the relevant sections, right? They're trying to suggest that there's two layers of additional here, and there's not. A veteran is entitled to a basic entitlement for disability. That's Section 1110. And on top of that, additional compensation for dependency. That's 1115. We go to 1115. Children under the age of 18 would be governed by Sections B and C. Children over the age of 18, between 18 and 23, and pursuing higher education would be under 1115.1F. Now, Mr. Wright also argues in the alternative that if 1115.1F is barred, then some default compensation under B and C should still be available. As we argued in our brief, that argument, as a practical matter, should be waived, because it wasn't raised in the opening brief. But it's not persuasive either. The definition of child in 101 provides for children under the age of 18, those who are permanently incapacitated before the age of 18, and those who are 18 to 23 and pursuing a higher education. So you take that definition of child and you go to 1115.1F, or 1115 as a total. That talks about what additional compensation is available for those children. Children or adult child between the ages of 18 and 23 pursuing higher education is governed by subsection 1F. We know that because that section begins with the word notwithstanding, meaning notwithstanding or despite the basic compensation in subsections B and C. It also provides for the monthly amount payable for those adult children, not an amount in addition. So I'm a little confused because I'm looking at 1115. And if I heard you correctly, I thought you said that B and C did not apply to an adult child over the age of 18. So if that were the construction, then there would be no benefits under B and C to take away by virtue of the other subsection, other statutory section 3562. Correct. I mean, B and C don't apply to an adult child over the age of... But if we adopted that construction, then we don't reach the question of the effect of 3562, right? Correct. I'm simply addressing an argument raised by Mr. Wright. Well, I've got to say I'm confused. I thought the idea was that 3562 prevented the receipt of benefits under B and C. Let's say even after the expiration of the F benefits. But you're saying that B and C never applied to a child over the age of 18 anyway. So that is our primary argument, that B and C would not apply to a child over the age of 18. If we accepted that, 3562 doesn't matter, right? I'm not sure I understand what you're doing, but it doesn't matter. Well, I mean, I thought the argument here was that B and C gave benefits to this individual, the child here. And that by electing to go under F, the child lost the benefits of B and C. But under your theory, B and C don't apply at all because this particular child is over the age of 18. So there's no benefit to take away because the benefit doesn't apply in the first place. What am I missing? A nuance. So our primary argument is that not B and C, but 1F, right, further down in the statutory section, is what the veteran loses when the adult child elects Chapter 35. But I thought what the veteran loses is the B and C benefits, right? Our primary argument is that they lose F and B and C don't apply because they would never have applied under the definition of child. Okay, but if that were true, then 3562 has no role to play in this, right? Because the commencement of the study doesn't take away any benefits because you say there are no benefits in the first place. There are benefits under 1F. So we have to decide the case on the basis that it comes to us, which is 3562. So regardless of the effect of 1F on B and C, we decide the case on 3562, which is the basis on which was decided below. Correct. But I think you get to the same result whether or not B and C encompasses a child under 18 or not, right? Our 3562 bars a duplication of benefits for adult children pursuing higher education. So first and foremost, we believe that 3562 bars 1115.1F. But even if you were to view 1115 as providing still a default measure of compensation under B and C, we would argue that it's still barred by 3562 because 3562 is a bar to, quote, additional amounts of compensation because of an adult child. Okay, but Judge Lurie is right, correct, that the Veterans Court didn't decide that B and C were inapplicable because this child is over 18. The Veterans Court didn't decide anything about B and C because that argument was not raised below. That's why our primary argument on this topic is that the court shouldn't consider it. It was never raised below. But you didn't raise it either because now you're saying B and C doesn't apply to a child over 18. So you don't need to take away any benefits because there are no benefits in the first place. Right, but we're responding. All right, all right. But just to further, to just close the loop on this topic, 3562 is meant to bar additional benefits on behalf of or because of a child. So whether or not B and C provides a base level of compensation or not, all of 1115 is titled additional compensation for a dependent. Right, so we can go back and forth on whether B and C provides some sort of default compensation, even in the absence of 1F. But I think 3562 still bars all compensation on behalf of a child, and that's the entirety of 1115. Thank you, counsel. Thank you. Mr. LaRoy, we'll give you your three minutes, full three minutes. Could you just begin by dispelling my confusion about this? The government's argument is that B and C don't apply to this child at all. That was not decided by the Veterans Court, and you disagree with it, right? You believe that B and C do apply to children over 18, right? That's right, so I'll do my best to dispel the confusion. So we have two arguments for what is barred. Our alternative argument, our backup argument, is only subsection 1F of 1115 is barred by 3562. We didn't specifically articulate this below. We think it's fairly encompassed because we're asking the question of what benefits are Mr. Wright entitled to. But even if we didn't present it enough below to survive forfeiture, we think the court can address it. It's a pure question of law that's been briefed here. But the government is saying, if I understand this, B and C doesn't apply to this situation at all because the child's over 18. That's not the basis for the decision. You disagree with that. You say there are B and C benefits unless there is a forfeiture under 3562, right? Yes, and so here's why. 1115, every benefit that is given to a veteran for the child is defined as child. The definition of child is in 38 U.S.C. 101 sub 4, and that includes a child who is over the age of 18 who is pursuing education. So when 1115, 1B and C say the veteran gets a certain amount of money for a child, that includes a child who is pursuing education. Then 1115 sub 1 sub F, so after B and C says, notwithstanding the other provisions, if you have a child who is over 18 pursuing education, you get extra money, $240. Under B and C? Well, so it would be under F because F says, notwithstanding B and C, you get $240. Now, this is under our alternative way to decide this case. We say 3562, what it really does is targets F and says F goes away. You don't get the extra benefits for the child under F. You're back to B and C, which is about roughly $100 a month for the child. So still a substantial benefit for the veteran to receive to pay for the child. So I wanted to make a couple of other points. First, two on the bar lifting. My friends didn't address the hypothetical that I presented, that the definition of child, this is 38 U.S.C. 101 sub 4A Romanet 2. The definition of child includes a child who has become permanently incapable of self-support before the age of 18. Under their view, if that child were to try to obtain vocational training at a trade school, which is covered by Chapter 35 and then fails, doesn't receive benefits anymore, the veteran parent would no longer receive any compensation to support that child. That cannot be the result that Congress intended. That is a cruel result. You would expect clear language like that, especially in a veterans' benefits case. My final point, if I can have the Court's indulgence, is just that they don't have an explanation for why the bar in sub 1 and sub 2 of 3562 uses different language. It uses different language for what is barred. Our interpretation, our primary interpretation here, is the only thing that gives meaning to those two different bars. Thank you, Your Honors. Thank you to both counsel. The case is submitted, and that concludes today's arguments.